IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AMGUARD INSURANCE COMPANY,<br>　　　Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 24-cv-3179 |
| | ) | |
| WHITE CLOUD, LLC,<br>　　　Defendant. | ) | |

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Plaintiff AmGUARD Insurance Company's Motion for Relief from Judgment under Federal Rules of Civil Procedure 55(c) and 60(b). (Doc. 17). For the following reasons, the Motion is DENIED.

I.    BACKGROUND

Plaintiff AmGUARD Insurance Company issued a businessowner's insurance policy to Defendant White Cloud, LLC., for a one-year period between July 19, 2023 and July 19, 2024, that included property located at 2631 South MacArthur Boulevard, Springfield, Illinois (the "MacArthur Property"), classified as a car wash. (Doc. 1 at ¶¶ 1, 9, 35, 37–38). Defendant filed a claim with Plaintiff seeking coverage for theft- and vandalism-related damage to the premises allegedly occurring on August 14, 2023. (*Id.* at ¶ 9). But according to Plaintiff, Defendant refused to cooperate during Plaintiff's investigation of the claim. (*Id.* at ¶¶ 31–34, 58–59). Plaintiff denied coverage, concluding that the MacArthur Property had been abandoned for some time, and repeatedly broken

into and otherwise damaged, before the insurance policy took effect. (*Id.* at ¶¶ 20–22, 39, 60).

In July 2024, Plaintiff brought the instant suit seeking a declaration that it owes no coverage for Defendant's claim. (*Id.* at ¶ 61). Plaintiff attempted service of process on Defendant's registered agent at his listed Wisconsin address (Doc. 18-1), but summons was returned unexecuted (Doc. 6). Plaintiff then executed service on the Illinois Secretary of State because Defendant had no registered agent in Illinois. (Doc. 8). Defendant sent a copy of the complaint to the MacArthur Property as well. (*Id.*). Plaintiff also served an attorney who used to work for Defendant but who had terminated representation prior to service. (Doc. 17 at 2). Defendant failed to timely appear, answer, or otherwise defend against Plaintiff's complaint. The Court entered default judgment against Defendant on January 10, 2025. (Doc. 14). Defendant moved under Rules 55(c) and 60(b) to set aside the judgment 364 days later. (Doc. 17).

## II.    DISCUSSION

### A.  Legal Standard

Under Rule 55(c), a court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Because Defendant asks the Court to set aside a final default judgment, Rule 60(b) governs.[1] "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Cincinnati Ins.*

---

[1] Even if the Court analyzed Defendant's motion under Rule 55(c), which applies the same Rule 60(b) standard although less stringent, *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020), its holding would be the same.

*Co. v. Flanders Elec. Motor Serv.*, 131 F.3d 625, 628 (7th Cir. 1997) (citation omitted). "[T]he moving party must demonstrate: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (internal quotation marks omitted). Various grounds may establish "good cause," including, as relevant here, "mistake, inadvertence, surprise, or excusable neglect," or when a "judgment is void." Fed. R. Civ. P. 60(b)(1), (4).

### B. Analysis

### (1) Personal Jurisdiction (Rule 60(b)(4))

The Court first addresses whether relief is warranted due to improper service of process. *See* Fed. R. Civ. P. 60(b)(4). "Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction." *Swaim v. Moltan Co.*, 73 F.3d 711, 719 (7th Cir. 1996) (citing *Omni Capital Int'l v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 103 (1987)). While lack of personal jurisdiction nullifies a judgment, *Findley v. Blinken*, 22 F.3d 755, 763 n.15 (7th Cir. 1994); *be2 LLC v. Ivanov*, 642 F.3d 555, 557 (7th Cir. 2011) (citations omitted), Defendant has not shown service to be improper.

Service of process on a business is governed by Rule 4(h) of the Federal Rules of Civil Procedure. Under Rule 4(h), service may be completed:

> [I]n the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1)(A)–(B). Plaintiff attests it first attempted the second method by trying to serve Defendant's registered agent in Wisconsin. When the summons was returned unexecuted, Plaintiff attempted service under Rule 4(e)(1).

Rule 4(e)(1) provides that a defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Illinois law generally permits two methods of service on a limited liability company like Defendant: service "either upon the registered agent appointed by the limited liability company or upon the Secretary of State as provided in this Section." 805 ILCS 180/1-50(a).

As said, Defendant did not have an Illinois registered agent; instead, it had a registered agent in Wisconsin, wherein service returned unexecuted. Plaintiff thereafter served the Illinois Secretary of State and sent a copy of the complaint to the MacArthur property. *See* 805 ILCS 180/1-50(a). The Court finds it holds personal jurisdiction over Defendant.

### (2) Excusable Neglect (Rule 60(b)(1))

The Court next considers whether judgment should be set aside for Defendant's "excusable neglect." Fed. R. Civ. P. 60(b)(1). But Defendant reiterates the same points concerning service that this Court addressed above, contending that it had "complete lack of awareness of this action." (Doc. 17). As outlined above, Plaintiff properly served Defendant. To the extent that Defendant's lack of notice was predicated on its failure to maintain a registered agent in Illinois or failure to update its Wisconsin agent's contact

information, neither is a ground for relief. *See Arwa Chiropractic*, 961 F.3d at 949 (citation omitted) ("Relief from default judgment will be granted only where actions leading to default were not willful, careless, or negligent, also referred to as 'excusable neglect.'"). Therefore, the Court finds there are no "exceptional circumstances" justifying relief. *Cincinnati Insurance*, 131 F.3d at 628.

### (3) Quick Action

Defendant's motion was filed 364 days after final default judgment was entered. Motions under Rule 60(b) must be made within "a reasonable time" and in instances of excusable neglect, they must be filed "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). This "one-year period represents an extreme limit, and the motion will be rejected as untimely if not made within a reasonable time, even though the one-year period has not expired." *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986) (internal quotation marks omitted). "The 'reasonableness' of a delay does vary between cases, but to be reasonable a delay ought to have a good explanation." *Casio Computer Co. v. Noren*, 35 F. App'x 247, 251 (7th Cir. 2002) (citing *Berwick Grain Co. v. Ill. Dep't of Agric.*, 189 F.3d 556, 560 (7th Cir. 1999)). Courts in this circuit have found motions filed three months, two months, or even three weeks after default judgment to be unreasonable and not "quick action." *See Tygris Asset Fin., Inc. v. Szollas*, No. 09 C 4488, 2010 U.S. Dist. LEXIS 63087, at *11 (N.D. Ill. June 21, 2010) (collecting cases).

Here, the present motion was filed one day before the one-year "extreme limit," and Defendant has not demonstrated the reasonableness of that timing. Defendant makes

no substantive argument on this point and never indicates when or how it discovered the default judgment.[2] Courts consider the "reasons for the delay" and frown upon motions with thin or nonexistent justifications. *Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004). Therefore, the Court finds Defendant did not file its Rule 60(b) motion within a reasonable time.

### (4) Meritorious Defense

Defendant has not raised a meritorious defense. "A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994); *see also Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) (citations omitted) ("When we say the defendant must show a 'meritorious defense' to the lawsuit, we mean more than bare legal conclusions . . . but less than a definitive showing that the defense will prevail.").

Defendant asserts it has a meritorious defense simply because it disputes the allegations in Plaintiff's complaint. Specifically, Defendant submits a two-page affidavit from its President wherein he asserts in three sentences (1) the MacArthur Property was not abandoned at the time of the claim, (2) the most extensive of the damage to the

---

[2] Attached to Plaintiff's response was a copy of an email between Plaintiff's and Defendant's counsel dated July 15, 2025, informing Defendant's counsel that default judgment had been entered. (Doc. 18-3). Assuming this correspondence was Defendant's first notice, Defendant still waited at least five months, with no explanation, to file its Rule 60(b) motion.

property occurred after the insurance policy was in effect and despite efforts to protect against theft and vandalism, and (3) he cooperated with Plaintiff's claim investigation to the best of his ability. (Doc. 17-1 at ¶¶ 7–10). Defendant does not provide any additional support.

Conversely, Plaintiff provided considerable documentation in its complaint and default judgment brief detailing the investigation it conducted and its findings. (Docs. 1, 13). For example, Plaintiff's investigation of the MacArthur Property showed that weeds had grown up around the building, bird nests were present in the wall vents, the basement door was open and the basement was flooded with at least five feet of water, the office had been ransacked with papers strewn everywhere and furniture upturned, and numerous plates of broken glass were found at the property. (Doc. 1 at ¶ 20). Plaintiff's abundant photographs appear to show the property had indeed been ransacked, abandoned, and considerably damaged by both theft and the elements. (Doc. 13-2 at 9–69). Plaintiff also submitted several police reports indicating the MacArthur Property had been broken into multiple times before the policy period. (*Id.* at 72–83). The affidavit's blanket dispute of Plaintiff's allegations does not "raise a serious question" as to the propriety of entering default judgment and Defendant's argument on this point does not rest on any developed legal or factual basis. *See Wehrs*, 866 F.3d at 890–91 (collecting cases) ("We have consistently held that such a general denial of the complaint's allegations, without any factual support, is insufficient to state a meritorious defense."). Thus, Defendant has not raised a meritorious defense. Defendant's motion is

denied because it has failed to demonstrate the necessary requirements under Rule 60(b) to vacate the default judgment entered.

### III.  CONCLUSION

Based on the foregoing reasons, Defendant's Motion for Relief from Judgment (Doc. 17) is DENIED.

ENTER: July 16, 2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE